Filed 1/27/22

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KEN DUFF,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC,<br><br>    Defendant and Appellant. | D078100<br><br><br><br>(Super. Ct. No. 37-2016-00003200-CU-BC-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Katherine A. Bacal, Judge. Reversed; remanded with directions.

Lehrman, Villegas, Chinery & Douglas, Kate S. Lehrman, Jacqueline A. Bruce-Chinery, and Robert A. Philipson for Defendant and Appellant.

Michael E. Lindsey for Plaintiff and Respondent.

Following a bench trial wherein Ken Duff prevailed on one claim under the Song-Beverly Consumer Warranty Act (Civ. Code,[1] § 1790, et seq.; Song-Beverly or the Act), but was only awarded $1 in nominal damages, the trial court awarded Duff $684,250 in attorney fees. Jaguar Land Rover North America, LLC (Jaguar) appeals the order awarding Duff attorney fees.

---

[1]    Statutory references are to the Civil Code unless otherwise specified.

Among other arguments, Jaguar contends the trial court applied the incorrect legal standard in finding that Duff was the prevailing buyer under section 1794, subdivision (d). We agree and thus, reverse the order and remand the matter to the superior court to reconsider the issue consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Duff leased a vehicle from Jaguar Land Rover of San Diego. However, he experienced multiple mechanical issues with the vehicle during the lease term, requiring Duff to take the vehicle to the dealer for repairs. The last time the dealer repaired the vehicle, the engine had to be replaced. After this last repair, Duff extended the lease and eventually purchased the vehicle.

On January 29, 2016, while the car was undergoing its last repair, Duff filed suit against Jaguar, alleging four causes of action: (1) violation of Song-Beverly for failure to repair defects within a reasonable number of attempts (§ 1793.2, subd. (d)); (2) violation of Song-Beverly for failure to repair defects within 30 days (§ 1793.2, subd. (b)); (3) violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq; Magnuson-Moss); and (4) breach of express and implied warranties under Song-Beverly.

After multiple continuances, the matter proceeded to a bench trial on January 15, 2019. In the original statement of decision, the trial court found that Duff did not prove any of his causes of action against Jaguar except for breach of the implied warranty. In addition, the court found that Duff did not prove damages for the breach but awarded him nominal damages in the amount of $1.

Jaguar then filed a memorandum of costs as well as a motion for an order determining that Duff was not the prevailing party. As part of its motion, Jaguar emphasized that it served Duff with a statutory offer to

compromise under Code of Civil Procedure section 998 (998 Offer). The offer provided that Jaguar would repurchase the vehicle for $28,430.80 or greater than that amount if Duff "provide[d] documentation to show the amount is more than $28,430.80." The 998 Offer also obligated Jaguar to pay Duff's costs, expenses, and attorney fees under section 1794, subdivision (d) as determined by agreement or noticed motion. In accepting the offer, Duff would have to dismiss the complaint against Jaguar with prejudice.

In response to Jaguar's memorandum of costs, Duff filed a motion to tax costs. In that motion, Duff contended that Jaguar was not the prevailing party and challenged specific costs sought by Jaguar as not being reasonable in amount or reasonably necessary. Duff also filed an opposition to Jaguar's motion for an order determining Duff was not the prevailing party, arguing there was no statutory basis for Jaguar's motion. Duff also pointed out that the original statement of decision incorrectly stated that he had purchased the vehicle before filing the complaint. Duff further argued that the court should correct this erroneous factual finding and find that he rejected the vehicle.

After hearing oral argument on the two motions and considering the papers, the trial court issued a minute order dated November 8, 2019, denying Jaguar's motion for an order determining that Duff was not the prevailing party and granting Duff's motion to tax costs, specifically noting that Jaguar was not entitled to any costs. In this minute order, the court acknowledged that the original statement of decision contained a "scrivener's error" because it was undisputed that Duff purchased the vehicle after he filed his complaint but before trial. Despite this error, the court indicated that its conclusion that Duff had accepted the vehicle remained unchanged. It then asked Jaguar to submit a revised statement of decision.

3

The trial court also discarded Jaguar's argument that it was entitled to costs because Duff rejected the 998 Offer. The court explained that the offer was "not sufficiently specific" to constitute a valid statutory offer.

The court ultimately entered a revised statement of decision, stating that Duff purchased the vehicle after filing the complaint but before trial. Again, the court found that Duff did not prove any of his alleged causes of action except for breach of the implied warranty. As to that claim, the court concluded that Duff had not proved damages and awarded him nominal damages in the amount of $1.

The court then entered judgment in favor of Duff, awarding him damages of $1. Duff appealed that judgment, which was before this court.[2]

On April 6, 2020, Duff filed a motion for fees and costs, seeking $939,700 in attorney fees and $22,884.63 in costs. Duff explained that the amount of fees was high "because of the repeated continuances demanded by [Jaguar] and granted by the court." Duff represented that Jaguar's counsel refused to meet and confer with his counsel about "trial scheduling[ ] or provide any notice of its intention to request a continuance." Trial was continued more than 10 times, and Duff's counsel prepared for each trial call. Moreover, Duff argued he was the prevailing party because he prevailed on one of his claims under Song-Beverly and received a net monetary gain.

Jaguar filed an opposition to Duff's motion for attorney fees, arguing: (1) Duff was not the prevailing party; (2) Duff did not recover more than what was offered in Jaguar's statutory offer of compromise; (3) Duff over-litigated the case and the fees demanded were unreasonable; and (4) the court should

---

[2]     In an unpublished opinion, we affirmed the judgment. (See *Duff v. Jaguar Land Rover North America, LLC* (Jan. 25, 2022, D077537) [nonpub. opn.].)

exercise its discretion to deny fees and costs because this case could have been brought as a limited civil action.

During oral argument on Duff's motion, among other arguments, Jaguar challenged several of the billing entries and emphasized that the case "belonged in small-claims court." In response the court acknowledged:

> "I would note and I would like to note that I don't disagree that this should have been a relatively simple case. I also note, though, that it wasn't treated as a simple case by either [Duff] or [Jaguar] and noting for the record that [Jaguar] filed, at my count, at least 13 motions in limine on top of at least 8 motions throughout this case. There is no doubt fees were much more incurred, probably on both sides, than they should have been. I understand that.

> "On the other hand, what I'm required to do is look at whether the fees were reasonably incurred. And I have to have an eye to the entirety of the case, how it was litigated on both sides, and I've tried to do that."

In a minute order dated August 7, 2020, the court granted, in part, Duff's motion for attorney fees. It determined that Duff was the prevailing party, noting that judgment was in his favor. The court concluded that "once [Duff] proved a breach, he was the prevailing party" under Song-Beverly. The court found that Duff's counsel's hourly rate of $575 was reasonable but was not persuaded to increase that rate to $650 as argued by Duff. The court also found that some of the hours billed were not reasonably incurred; thus, it reduced the total hours of compensable time by 315 hours from 1,505 to 1,190. Further, the court concluded no upward or downward adjustment of the "base figure" was warranted and awarded Duff $684,250 in attorney fees.

However, it denied Duff's motion to tax costs without prejudice to filing and serving a memorandum of costs.[3]

Jaguar timely appealed the order.

## DISCUSSION

Jaguar argues: (1) the trial court erred in holding Jaguar liable for breach of the implied warranty; (2) Duff was not entitled to recover his fees and costs because he rejected Jaguar's statutory offer to compromise and did not obtain a more favorable judgment; (3) Duff was not entitled to attorney fees under Song-Beverly because he was not damaged; (4) Duff was not the prevailing party because he did not achieve his litigation objective; and (5) the court abused its discretion in determining that Duff reasonably incurred $684,250 in fees.

Initially, we note Duff takes issue with the scope of Jaguar's appeal here, arguing that Jaguar cannot, through the guise of an appeal of the order awarding attorney fees, challenge the judgment or the court's November 8, 2019 order denying Jaguar costs and determining that Jaguar was not the prevailing party. In response, Jaguar argues that the November 8 order was interlocutory and thus, not appealable. Moreover, Jaguar points out that the denial of its motion for an order to declare Duff was not the prevailing party was no different than an interlocutory order determining that a party is entitled to attorney fees but not determining the amount. After the amount is determined by the court per an order, a party can appeal and challenge both the entitlement to and amount of the attorney fees. (See *P R Burke*

---

3    Duff submitted a memorandum of costs, which Jaguar did not oppose. The court awarded Duff $22,884.63 in costs on October 20, 2020, after Jaguar filed its notice of appeal of the court's order awarding fees. Nothing in this opinion affects the legal standard by which the trial court determined Duff was the prevailing party for purposes of recovering costs.

*Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1055.)

Although some of Duff's arguments are well taken,[4] Jaguar's primary challenge to the August 7, 2020 order is that the trial court applied the wrong legal standard in determining Duff was a prevailing buyer under Song-Beverly. That issue was not addressed in the November 8 order and is properly before us. In addition, because we will remand this action to the trial court and anticipate that Jaguar will again argue that its 998 Offer forecloses Duff's request for attorney fees, we will address the validity of the offer for the sake of judicial economy without resolving Duff's claim that Jaguar waived its right to appeal that issue.[5] In fact, we turn to that issue first because, had the trial court found the offer valid, it never would have reached the issue of whether Duff was a prevailing buyer under Song-Beverly.

---

[4]     For example, Jaguar argues that the trial court erred in finding Jaguar liable for breach of the implied warranty because Duff failed to prove two required elements of that cause of action. This argument is a collateral challenge to the underlying judgment. Although Duff appealed the judgment, Jaguar did not. It cannot now challenge the underlying judgment through the guise of appealing the order awarding attorney fees. (See Code Civ. Proc., § 906; Cal. Rules of Court, rule 8.104(b); cf. *Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439 ["As a general matter, 'a respondent who has not appealed from the judgment may not urge error on appeal' "].)

[5]     The record indicates that Jaguar seemed somewhat confused regarding the court's November 8 order and whether it addressed the merits of Jaguar's argument that the 998 Offer was enforceable. Nevertheless, the court clearly believed it had addressed the merits of that argument in the November 8 order, specifically mentioning, in the August 7, 2020 order, that the 998 Offer "was previously deemed invalid." Indeed, it seems clear from the November 8 order that the court explicitly found Jaguar's 998 Offer invalid.

Under Code of Civil Procedure section 998, "if the plaintiffs reject a defendant's offer to compromise and then fail to win a more favorable judgment, the plaintiffs cannot recover their postoffer costs and must pay the costs the defendant incurred after the offer." (*Chen v. Interinsurance Exchange of the Automobile Club* (2008) 164 Cal.App.4th 117, 121, fn. omitted.) "We independently review whether respondent's 998 settlement offer was valid." (*Id.* at p. 122.)

To be valid, an offer under Code of Civil Procedure section 998 may include nonmonetary terms and conditions, but it must be unconditional. (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 799 (*Barella*).) The offer must be sufficiently specific to allow the recipient to meaningfully evaluate it and make a reasoned decision whether to accept it. (*Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 585 (*Taing*).) Further, the offeree must be able to clearly evaluate the worth of the offer. (See *Barella*, at p. 801.)

Like the trial court, we focus on the range offered in the 998 Offer by Jaguar for repurchase of the vehicle in the amount of $28,430.80 to a "higher amount" if Duff provided documentation that such a higher amount was warranted. Jaguar argues that at the very least, its offer provided a floor to which the court could compare what Duff received at trial. In other words, Duff contends that its offer allowed the trial court to determine that the $1 Duff was awarded in damages was far less than the floor of the statutory offer. But we do not evaluate the validity of a statutory offer to compromise after trial concludes. Rather, we must evaluate the offer at the time the offeree receives it and determine whether he or she is able to clearly evaluate the worth of the offer. (See *Taing*, *supra*, 9 Cal.App.4th at p. 585; *Barella*, *supra*, 84 Cal.App.4th at p. 801.)

8

Here, our concern is that Jaguar's 998 Offer presents somewhat of a moving target. For example, if Duff were awarded an amount over $28,430.80, say $30,000, it is not clear, by the terms of the statutory offer that the amount was greater than what Jaguar was offering to pay. Jaguar could argue, based on the evidence offered by Duff at trial, that it actually would have paid him more than $30,000, and thus, Duff recovered less than the 998 Offer. Therefore, we agree with the trial court that "[t]he offer [wa]s not sufficiently specific; judgment could be for $28,430.80 or for some higher amount that is subject to proof."

Next, Jaguar maintains that the court erred in awarding Duff attorney fees because (a) Duff did not prove he was damaged so he was not entitled to attorney fees under Song-Beverly and (b) he was not the prevailing party because he did not achieve his litigation objective. Both of these arguments challenge the legal standard the court used to determine whether Duff was the prevailing party.

We review an award of attorney fees under Song-Beverly for abuse of discretion, applying a presumption that the trial court's award of attorney fees is correct. (*Etcheson v. FCA US LLC* (2018) 30 Cal.App.5th 831, 840.) If the trial court applied the wrong legal standard, that is a per se abuse of discretion. (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1242.)

Song-Beverly is colloquially known as California's "lemon law," and is a "strongly pro-consumer" law aimed at protecting, among others, new car buyers. (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 990.) Toward that end, the Act: (1) requires all "manufacturers" and "retail sellers" of new cars to extend an implied warranty of merchantability to the buyer that assures that the car is "fit for the ordinary purposes for which [cars] are used" (§§ 1791.1, subd. (a)(2) & 1792; *Brand v. Hyundai Motor*

9

*America* (2014) 226 Cal.App.4th 1538, 1546 (*Brand*); see § 1792.3 [implied warranty not subject to waiver unless strict requirements for "as is" sales are met]); and (2) regulates how any express warranties made by manufacturers, retail sellers, and others are created and enforced (§§ 1793.1, 1793.2, 1793.3, 1795).

The Act also grants new car buyers the right to sue when a manufacturer or retail seller "fail[s] to comply" with any "implied or express warranty." (§ 1794, subd. (a).) A buyer bringing suit may seek actual damages, which differ depending on whether she alleges a breach of implied warranty or a breach of an express warranty. (Compare Civ. Code, §§ 1794, subd. (b), 1791.1, subd. (d); Cal. U. Com. Code, §§ 2711-2715 [remedies for breach of implied warranty] with Civ. Code §§ 1793.2, subd. (d), 1793.3 [remedies for breach of express warranty], 1795 ["persons other than the manufacturer of the goods" may make express warranties]; see generally *Music Acceptance Corp. v. Lofing* (1995) 32 Cal.App.4th 610, 620-621 [noting how remedies differ]; *Brand*, *supra*, 226 Cal.App.4th at p. 1548 [same].) Unless a buyer's "claim [is] based solely on a breach of an implied warranty," the buyer may also seek a "civil penalty" (of up to two times the amount of actual damages) if the manufacturer's or retail seller's "failure to comply was willful." (Civ. Code, § 1794, subds. (c) & (e).) In the instant action, the only claim on which Duff prevailed at trial was the breach of implied warranty. Accordingly, civil penalties were not available to him.

Most pertinent here, a buyer who "prevails in [his] action" may recover "costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution" of his action under the Act. (§ 1794, subd. (d).) Making attorney fees available to prevailing buyers

10

(but not prevailing manufacturers or retail sellers) is designed to " 'provide[ ] injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible.' " (*Wohlgemuth v. Caterpillar* (2012) 207 Cal.App.4th 1252, 1262 (*Wohlgemuth*).)

Song-Beverly does not define the term prevailing party. (§ 1794, subd. (d).) And the courts have split regarding how to define this term when it comes to the award of attorney fees.

Over 20 years ago, this court used the definition of prevailing party from the general statute governing costs, Code of Civil Procedure section 1032, to define a prevailing buyer under the Act. (See *Reveles v. Toyota by the Bay* (1997) 57 Cal.App.4th 1139, 1158 (*Reveles*).)[6] There, the parties stipulated to an order that declared the case settled and reserved the plaintiff's right to seek fees and costs. (*Id*. at pp. 1145-1147.) In subsequent proceedings to identify the prevailing party, the plaintiff submitted evidence of the defendant's liability on the merits of the settled cause of action. (*Id*. at p. 1146.) The trial court found that plaintiff had been entitled to a judgment in his favor on the merits and thus declared him the prevailing party. (*Id*. at p. 1148.) In determining that the plaintiff was a prevailing party under Civil Code section 1794, subdivision (d), we used the general definition found in Code of Civil Procedure section 1032.[7] (*Reveles*, at p. 1158.) Further, we

---

[6]    *Reveles* was disapproved on another point in *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 775, fn. 6. However, our high court did not address our use of Code of Civil Procedure section 1032 in determining whether a buyer prevailed and is entitled to attorney fees under Civil Code section 1794, subdivision (d).

[7]    Code of Procedure section 1032, subdivision (a)(4) provides in part: " 'Prevailing party' includes the party with a net monetary recovery . . . ."

11

noted the plaintiff received a " 'net monetary recovery,' " ($9,300) "produced substantial, uncontroverted evidence the [defendant] breached its warranty obligations, and thus . . . prevailed on his Song-Beverly . . . claim." (*Ibid.*)

Our determination of what constitutes a prevailing buyer under Song-Beverly appears to be a minority position among California appellate courts. Instead of following *Reveles*, a number of courts have elected to take a more "pragmatic" and less restrictive approach to assess whether a buyer has prevailed. (See *Wohlgemuth*, *supra*, 207 Cal.App.4th at p. 1264; *MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1047 (*MacQuiddy*); *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 149-151.) Under that approach, it is not enough for a buyer to show that she "obtained a net monetary recovery." (*MacQuiddy*, at p. 1047.) Instead, courts ask: To what extent did the buyer achieve her litigation objectives? (*Wohlgemuth*, at p. 1264.) By and large, litigation objectives are measured by what the party sought to obtain by filing suit. (E.g., *Marina Pacifica Homeowners Assn. v. Southern California Financial Corp.* (2018) 20 Cal.App.5th 191, 204-205; see generally *Hsu v. Abbara* (1995) 9 Cal.4th 863,

876 [looking to party's "pleadings, trial briefs, opening statements, and similar sources"].)[8]

In the instant action, it is not clear the trial court employed either of the two approaches set forth in caselaw. Instead, the trial court found that, under Song-Beverly, "once [Duff] proved a breach, he was the prevailing party." In other words, simply because Duff proved one of his four causes of action, the court deemed him to be the prevailing party under section 1794, subdivision (d). There is no mention of Code of Civil Procedure section 1032 in the order awarding attorney fees or in the reporter's transcript of the hearing on the motion for attorney fees. Nowhere does the trial court discuss net monetary gain. And the trial court explicitly rejected Jaguar's argument that it should apply the pragmatic, litigation objective approach: "Here, there is no need to look at . . . any other theory, to determine whether . . . [Duff] is entitled to fees, because the statute says he is." Therefore, the trial court appears to have interpreted the phrase "buyer prevails in an action" to mean that a plaintiff need only prove a single claim under Song-Beverly (regardless of any net recovery or achievement of litigation objectives) and the court must award reasonable attorney fees. Such a mechanical approach to section 1794, subdivision (d) would make

_____

[8]    At least one other reported case approved of a trial court using Code of Civil Procedure section 1032 to determine if a buyer was a prevailing party for purposes of recovering attorney fees, but that case did not involve attorney fees under Song-Beverly. Rather, the court was considering attorney fees under a different consumer statute (Civ. Code, § 1780, subdivision (d)) and did not hold that the "net monetary approach" under Code of Civil Procedure section 1032 was the only method the trial court could use. (See *Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 181 (*Kim*) ["we remand the matter to the trial court to determine whether Kim is a prevailing plaintiff either because he obtained a net monetary recovery or because he achieved most or all of what he wanted by filing the action or a combination of the two"].)

attorney fees almost automatic in any case where a buyer proved his claim even if he was not harmed and proved no damages. Yet, Song-Beverly's purpose is not inevitably awarding attorney fees to buyers. (See *Dominguez v. American Suzuki Motor Corp.* (2008) 160 Cal.App.4th 53, 60 (*Dominguez*) ["Based on a plain reading of the applicable statutory provisions, we cannot conclude the Legislature intended that every time a manufacturer repurchases or replaces consumer goods, a consumer is entitled to attorney fees, regardless of whether it was pre- or postcommencement of litigation"].)

Further, the facts of the instant action give us pause regarding the trial court's approach to awarding attorney fees. Duff brought three claims under Song-Beverly and one under Magnuson-Moss. He only successfully proved a breach of the implied warranty of fitness based on the fact that Jaguar had to replace the vehicle's turbocharger and engine. Yet, there is no evidence in the record that the vehicle would not properly operate after any of the repairs were made. Further, Duff still purchased the vehicle after knowing about these problems, and the trial court found that he had accepted the vehicle and was not entitled to repurchase under Song-Beverly. Also, Duff failed to prove any damages. Thus, the court awarded Duff nominal damages of $1. And based on that dollar award and Duff's successful breach of the implied warranty claim (from which he was not damaged), the court deemed him to have "prevail[ed] in [the] action" and awarded Duff's counsel $684,250 in attorney fees. Now, perhaps such fees were justified. After all, trial was delayed over two years in this matter, and it appears Jaguar's actions were the impetus for most, if not all, of the delays. And we are mindful that trial courts enjoy considerable discretion in awarding attorney fees " 'because they are in the best position to assess the value of the professional services

14

rendered in their courts.' " (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 882.) But here, where the trial court applied the wrong legal standard to determine Duff was a prevailing buyer under subdivision (d) of section 1794, we must find an abuse of discretion. (See *Nichols v. City of Taft*, *supra*, 155 Cal.App.4th at p. 1242.)

Because this case must be remanded for the trial court to reconsider whether Duff was entitled to attorney fees under section 1794, subdivision (d), we think it prudent to revisit the approach to determine a prevailing buyer we articulated in *Reveles*, *supra*, 57 Cal.App.4th at page 1158. There, with little analysis, we concluded, "because the statute does not define 'prevailing party,' we use the general definition of Code of Civil Procedure section 1032." (*Id.* at p. 1158.) As we note *ante*, our approach has not been widely adopted. Neither party has provided us with a case that followed *Reveles* in determining whether a plaintiff was entitled to attorney fees under Song-Beverly. Duff cites to one other case wherein the appellate court remanded a case back to the trial court to determine whether attorney fees were proper and stated that the court could use our approach in *Reveles*, a more pragmatic approach, or a combination of the two. (*Kim*, *supra*, 149 Cal.App.4th at p. 181.) Yet, *Kim* concerned attorney fees under section 1780, subdivision (d), not Song-Beverly. (*Kim*, at p. 181.) Although we do not shy away from standing alone if we believe our approach to the law is correct, we believe the pragmatic approach of determining whether Duff prevailed in his Song-Beverly action is the more sound one under the unique facts of this case.

Code of Civil Procedure section 1032 explicitly states that its definition of prevailing party is meant to be "used in this section," not as the universal default definition of the term. (See *Galan v. Wolfriver Holding Corp.* (2000)

15

80 Cal.App.4th 1124, 1128; *Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1572.) Moreover, a prevailing party under Code of Civil Procedure section 1032 is not necessarily a prevailing party under a separate attorney fee statute. (See *Foothill Properties v. Lyon/Copley Corona Associates* (1996) 46 Cal.App.4th 1542, 1554.) Here, the attorney fee statute at issue only awards attorney fees to a buyer who "prevails in an action under this section." (§ 1794, subd. (d).) In turn, that section explicitly states: "Any buyer of consumer goods who is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief." (§ 1794, subd. (a).) Thus, the statute contemplates that a buyer must have been damaged to bring an action under Song-Beverly. And only by bringing an action under the Act, would the buyer even potentially be able to recover attorney fees under subdivision (d).

Here, the trial court specifically found that Duff had not proved that he was damaged by Jaguar's breach of the implied warranty of fitness. Nevertheless, the court found it appropriate to award Duff nominal damages of $1. Arguably, those nominal damages could be considered a "net monetary recovery" entitling Duff to attorney fees under our holding in *Reveles*, *supra*, 57 Cal.App.4th 1139. Yet, in following *Reveles* and awarding attorney fees where the net monetary recovery is based on nominal damages after the fact finder determined Duff was not damaged, the trial court made an award that runs counter to the requirements of Song-Beverly. Duff was awarded substantial attorney fees under subdivision (d) of section 1794 without being damaged as required in subdivision (a). As we state *ante*, mechanically awarding attorney's fees to a buyer is not the purpose of the Act. (See *Dominguez*, *supra*, 160 Cal.App.4th at p. 60.)

16

In short, after remanding this matter back to the trial court to reconsider the attorney fees issue, we conclude that the court must employ the pragmatic, litigation-objective analysis set forth in *MacQuiddy*, *supra*, 233 Cal.App.4th at page 1047.

## DISPOSITION

The order is reversed. The matter is remanded to the trial court to reconsider whether Duff is entitled to attorney fees under section 1794, subdivision (d) consistent with this opinion. In addition, in light of this opinion, the trial court may wish the parties to submit supplemental briefs. We offer no opinion regarding how the trial court should determine the attorney fee issue on remand. Further, nothing is this opinion addresses how the trial court should determine who is the prevailing party for the purpose of awarding costs under Code of Civil Procedure section 1032.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


GUERRERO, J.

17