Filed 7/25/25  Consumer Advocacy Group v. Enchante Accessories CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CONSUMER ADVOCACY GROUP, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ENCHANTE ACCESSORIES, INC., <br><br> Defendant and Respondent. | B337902 <br><br> (Los Angeles County Super. Ct. No. 20STCV18693) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge. Reversed.

Yeroushalmi & Yeroushalmi, Reuben Yeroushalmi for Plaintiff and Appellant.

Steptoe, Carol R. Brophy and Dina Adham for Defendant and Respondent.

1

# INTRODUCTION

Consumer Advocacy Group, Inc. (CAG) voluntarily dismissed its private enforcement action brought under The Safe Drinking Waste and Toxic Enforcement Act of 1986 (Health & Saf. Code, § 25249 et seq.), commonly known as Proposition 65 (Prop. 65). Defendant-in-intervention Enchante Accessories, Inc. (Enchante) subsequently sought an award of costs under Code of Civil Procedure section 998 (section 998), based on a compromise offer that CAG had rejected during the litigation. In response, CAG moved to strike or tax costs. The trial court awarded Enchante its costs in a reduced amount.

On appeal, CAG contends the trial court erred by awarding costs under section 998 because: (1) section 998 does not apply to Prop. 65 actions due to the procedural incompatibility of the two statutes; (2) the offer was ambiguous, incapable of reasonable valuation, and thus invalid; (3) the offer was not reasonable and not made in good faith; and (4) the trial court improperly awarded costs based on the combined costs incurred in this case and two other cases involving the same parties.

We agree with CAG's second contention. Assuming without deciding that section 998 applies to Prop. 65 actions, we conclude Enchante's section 998 offer was nevertheless invalid because it was ambiguous as to whether the offer released claims beyond the current litigation. Accordingly, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

We limit our recitation of the facts to those relevant to the dispositive issue in this appeal.

On May 15, 2020, CAG filed a complaint under Prop. 65 against Ross Stores, Inc. and Doe defendants, alleging that defendants failed to provide required warnings for cosmetic cases based on the presence of Di(2-ethylhexyl) phthalate (DEHP) and Diisononyl Phthalate (DINP).[2] The complaint did not name Enchante, the distributor of the cosmetic cases at issue, as a defendant. Enchante moved to intervene in the action, however, and all parties stipulated to the intervention.

On October 10, 2022, Enchante served CAG with an offer to compromise pursuant to section 998. The offer stated, in relevant part: "This offer, if accepted, shall resolve all claims that have been brought or could have been brought by [CAG] against Enchante based upon the manufacture, distribution, and sale of the products at issue in the above-captioned litigation in exchange for a mutual waiver of costs. Enchante and [CAG]

---

1 We deny CAG's request for judicial notice of a trial court ruling in a different case. We also deny the application of The Chemical Toxin Working Group Inc., dba Healthy Living Foundation Inc. to file an amicus brief because we need not decide the issue that the brief addresses (i.e., whether section 998 applies to Prop. 65 cases).

2 Health and Safety Code section 25249.6 provides: "No person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual, except as provided in [another section of this Act]."

(collectively, the 'Parties') agree to the following terms and conditions:  [¶] 1.**Dismissal**. [CAG] shall dismiss Enchante from the action with prejudice no later than November 14, 2022.  [¶] 2. **Waiver**. Enchante agrees to waive all fees and costs which it may be entitled to receive from [CAG]. [¶]3. **Fees and Costs**. Each party shall bear its own attorneys' fees, costs, and investigation expenses incurred in this matter.  [¶] 4. **Expiration**.  This offer shall expire on November 14, 2022, if not accepted by [CAG] . . . ."

CAG did not accept the offer.

On February 1, 2023, CAG filed a second amended complaint (SAC).  Pursuant to the parties' stipulation, the SAC added allegations that Enchante failed to provide required Prop. 65 warnings based on the presence of DEHP for two additional consumer products, a suction cup mirror and a weekly planner notebook.  Those products were the subject of two other then-pending actions against Enchante.  Per the stipulation, CAG thereupon dismissed those two actions without prejudice.

On September 8, 2023, CAG voluntarily dismissed the SAC without prejudice.  On September 21, 2023, Enchante filed a memorandum of costs, seeking to recover from CAG costs in the amount of $324,058.30 based on CAG's failure to accept Enchante's October 22, 2022 section 998 offer.  This amount included $248,175 in expert witness fees.  (*Id.* at p. 713.)

In response, CAG filed a motion to strike or tax costs on the grounds that (1) the costs were unnecessary and/or excessive; and (2) the section 998 offer was not valid because it was not made in good faith.

On October 26, 2023, the trial court heard argument on CAG's motion and invited the parties to submit supplemental briefing and evidence, in particular, with respect to billing

4

invoices submitted by expert witnesses.  At the conclusion of the continued hearing on January 17, 2024, the trial court took the matter under submission.

On January 19, 2024, the court issued a final written ruling, concluding the section 998 offer was "made in 'good faith,' and was thus valid and enforceable."  But the court also found that the expert witness costs "sought are excessive to some extent" and therefore taxed those costs in the amount of $92,600.  On February 2, 2024, the court entered judgment in favor of Enchante in the amount of $231,458.30.  CAG timely appealed.[3]

## DISCUSSION

Under section 998, "any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time."  (§ 998, subd. (b).)  "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment," the plaintiff must "pay the defendant's costs from the time of the offer."  (§ 998, subd. (c)(1).)  The court has discretion also to "require the plaintiff to pay a

---

3      As CAG acknowledges, a cost order following a voluntary dismissal by the clerk without prejudice is not appealable as a post-judgment order under Code of Civil Procedure section 904.1, subdivision (a)(2).  But the cost order here is the final determination of the parties' rights, with the award of costs incorporated into the February 2, 2024 judgment.  The order is therefore an appealable judgment under Code of Civil Procedure section 904.1, subdivision (a)(1).  (See *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354.)

reasonable sum to cover postoffer costs of the services of expert witnesses . . . ." (*Ibid*.)

"On a motion to strike or tax costs, '[t]he burden is on the offering party to demonstrate that the offer is valid under section 998.'" (*Khosravan v. Chevron Corp.* (2021) 66 Cal.App.5th 288, 294-295 (*Khosravan*), quoting *Ignacio v. Caracciolo* (2016) 2 Cal.App.5th 81, 86 (*Ignacio*).) "'The offer must be strictly construed in favor of the party sought to be bound by it.'" (*Khosravan*, at p. 295, quoting *Ignacio* at p. 86.) "'"We independently review whether a section 998 settlement offer was valid. In our review, we interpret any ambiguity in the offer against its proponent."'" (*Khosravan*, at p. 295.)

It is well established that to be valid, a section 998 offer "must not dispose of any claims beyond the claims at issue in the pending lawsuit." (*Chen v. Interinsurance Exchange of the Automobile Club* (2008) 164 Cal.App.4th 117, 121 (*Chen*); see also *Ignacio, supra,* 2 Cal.App.5th at p. 87.) "That limitation exists because of the difficulty in calculating whether a jury award is more or less favorable than a settlement offer when the jury's award encompasses claims that are not one and the same with those the offer covers." (*Chen*, at p. 121; see also *Ignacio*, at p. 87.) In *Ignacio*, the court observed that "[r]equiring resolution of potential unfiled claims not encompassed by the pending action renders the offer incapable of valuation." (*Ignacio*, at p. 87.)

Here, Enchante failed to meet its burden of demonstrating a valid section 998 offer because the offer, if accepted, would have disposed of claims beyond those at issue in the pending lawsuit. Specifically, as noted above, the offer included a release of "all claims that have been brought *or could have been brought* by [CAG] against Enchante based upon the manufacture,

6

distribution, and sale of the products at issue in the [litigation]." (Italics added.)  This release encompasses claims beyond the scope of this litigation—such as, for example, other Prop. 65 claims that might have existed based on chemicals other than DHEP, or even other non-Prop. 65. claims based on the manufacture, distribution, and sale of the products at issue.  (See *Ignacio, supra*, 2 Cal.App.5th at pp. 86-87; see also *Chen, supra*, 164 Cal.App.4th at p. 122.)  As such, the release is overbroad and the section 998 offer is not valid.

On this issue, *Council for Education & Research on Toxics v. Starbucks Corp.* (2022) 84 Cal.App.5th 879 (*Starbucks*) is instructive.  There, a different panel of this court held section 998 offers invalid based on overbroad release language.  (*Id*. at p. 903.)  The section 998 offer in *Starbucks* included a release that "would have applied to 'all Claims . . . known or unknown . . . arising under Proposition 65 for an alleged failure to provide warnings for exposures to acrylamide.'"  (*Id*. at p. 905.)  In finding the releases overbroad, the court held: "While the release[s] would have applied only to Prop. 65 claims, the section 998 respondents point to nothing in their language that would have limited them to the claims involved in [the plaintiff's] actions, and we see no such limitation. Because the releases extended beyond the scope of the litigation, they invalidated the compromise offers."  (*Ibid*.)

Enchante attempts to distinguish *Starbucks* by characterizing the release language in the first paragraph of its section 998 offer as merely part of the "preamble" of the section 998 offer, perhaps "inartfully worded," and "not binding[.]"  As such, Enchante urges this court to disregard the overbroad language and instead focus exclusively on the "term and

7

condition" set forth in the first numbered paragraph of the offer. That provision indicated that "Plaintiff shall dismiss Enchante from the action with prejudice no later than November 14, 2022," without reference to other potential actions.

Enchante's argument is unpersuasive. In determining the validity of a section 998 offer, we cannot selectively rely on some, but not all, of the language in the offer in interpreting a release. (See, e.g., *RMR Equipment Rental, Inc. v. Residential Fund 1347, LLC* (2021) 65 Cal.App.5th 383, 395 ["[i]t is a cardinal interpretative sin to ignore words you are trying to interpret"]; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 473 ["Courts must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative or meaningless"].)

At minimum, the conflicting release provisions in the section 998 offer render the offer ambiguous with respect to the scope of the release. "[B]ecause the proponent of the offer [(Enchante)] has the burden of establishing its validity, *ambiguity* as to whether the offer encompasses claims beyond the current litigation is sufficient to render the offer invalid under section 998." (See *Ignacio, supra*, 2 Cal.App.5th at pp. 87-88.)

Accordingly, we conclude the offer was invalid for purposes of section 998, and the trial court erred in denying in part CAG's motion to strike or tax costs.[4]

---

4    Because we are reversing the award of costs pursuant to section 998 for the reasons discussed above, we need not address CAG's remaining contentions on appeal.

8

## DISPOSITION

The judgment is reversed.  CAG is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


GARCIA UHRIG, J.*

We concur:



ZUKIN, P. J.



COLLINS, J.

---

\* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.

9